AO 91 (Rev. 11/11) Criminal Complaint

AUSA Jessica Kahn Obenauf

# UNITED STATES DISTRICT COURT
для the
Southern District of Florida

| United States of America | ) |
| v. | ) |
| JAVIER ARMENTA-MAGANA, | ) Case No. 25-MJ-00017-SMM |
| | ) |
| Defendant(s) | ) |

FILED BY ___MB___ D.C.
Feb 11, 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTP

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **February 4, 2025** in the county of **Indian River** in the **Southern** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. §§ 1326(a) and (b)(1) | Previously Removed Alien Found in the United States. |

This criminal complaint is based on these facts:

-SEE ATTACHED AFFIDAVIT-

☑ Continued on the attached sheet.

_____
Complainant's signature

Angelo Zaravelis, Deportation Officer, ICE/DHS
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by videoconference.

Date: 2/11/2025

_____
Judge's signature

City and state: Fort Pierce, Florida

Shaniek Mills Maynard, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Angelo Zaravelis, being duly sworn, depose and state as follows:

1. I am a Deportation Officer of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), and have been employed in a similar capacity since 2007. I am currently assigned to Enforcement and Removal Operations, Criminal Apprehension Program, Stuart, Florida. As a Deportation Officer with ICE, my duties and responsibilities include enforcing criminal and administrative immigration laws of the United States. I have also conducted and participated in investigations of this nature.

2. This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause to believe that Javier ARMENTA-MAGANA ("ARMENTA-MAGANA") committed the offense of being a previously removed alien found in the United States, in violation of Title 8, United States Code, Sections 1326(a) & (b)(1).

3. On or about February 4, 2025, ARMENTA-MAGANA was booked into the Indian River County Jail in Vero Beach, Florida to serve a 10-day imprisonment sentence for driving without valid driver license. Indian River County Jail booking officials notified the Stuart, Florida ICE office due to ARMENTA-MAGANA reporting a foreign place of birth, which alerted ICE to ARMENTA-MAGANA's presence in the United States.

4. I reviewed documents from the immigration alien file belonging to ARMENTA-MAGANA, AXXX XXX 218. A review of Department of Homeland Security electronic records and the immigration alien file assigned to ARMENTA-MAGANA show that he is a native and citizen of Mexico. Records show that on or about October 12, 2023, ARMENTA-MAGANA was

ordered removed from the United States. Records in the alien file show that on or about October 18, 2023, ARMENTA-MAGANA was removed from the United States to Mexico.

5. A review of ARMENTA-MAGANA's criminal records indicate that on or about July 13, 2023, ARMENTA-MAGANA was convicted in the Circuit Court, Nineteenth Judicial Circuit, in and for Indian River County, Florida for the felony offenses of conspiracy to purchase cocaine, in violation of Florida Statute 893.13(1.A), and unlawful use of a two-way communications device, in violation of Florida Statute 934.215.

6. ARMENTA-MAGANA's fingerprints recorded at the Indian River County Jail on February 4, 2025, were scanned into the IDENT system, a biometric database maintained by the Department of Homeland Security. Results confirmed that the fingerprints belong to the individual who was previously removed from the United States, that is, Javier ARMENTA-MAGANA.

7. A record check was performed in the Computer Linked Application Informational Management System ("CLAIMS"), to determine if ARMENTA-MAGANA had filed an application for permission to reapply for admission into the United States after deportation or removal. After a search was performed in that database system, no record was found to exist, indicating that ARMENTA-MAGANA obtained consent from the Attorney General of the United States or from the Secretary of Homeland Security, for re-admission into the United States as required by law.

8. On February 8, 2025, ARMENTA-MAGANA made statements to your affiant. Post-Miranda, ARMENTA-MAGANA stated that he is a citizen of Mexico, that he was previously removed from the United States, that he reentered the United States without being inspected, and that he did not request permission to reenter the United States.

9. Based on the foregoing, there exists probable cause to believe that, on or about February 4, 2025, Javier ARMENTA-MAGANA, an alien who has previously been deported and removed from the United States, was found in the United States without having received the express consent from the Attorney General or the Secretary of the Department of Homeland Security for re-admission into the United States, in violation of Title 8, United States Code, Sections 1326(a) & (b)(1).

_____
Angelo Zaravelis
Deportation Officer
Immigration and Customs Enforcement

Subscribed and sworn to before me, by videoconference, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure, in Fort Pierce, Florida, this __11th__ day of February, 2025.

_____
SHANIEK MILLS MAYNARD
UNITED STATES MAGISTRATE JUDGE

3